**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Fernando ORDINOLA, Defendant—
Appellant.**

No. 02–35867.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Aug. 27, 2003.

Matthew H. Thomas, Esq., USTA—Office of the U.S. Attorney, Tacoma, WA, Hugh W. Berry, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Paula T. Olson, Esq., Smith, Alling, Lane, Tacoma, WA, for Defendant–Appellant.

Before: BROWNING, ALARCON, and CLIFTON, Circuit Judges.

MEMORANDUM *

Fernando Ordinola has petitioned for relief under 28 U.S.C. § 2255, arguing that his trial counsel rendered ineffective assistance by failing to communicate properly and accept a plea offer. After holding an evidentiary hearing on the ineffective assistance issue, the district court denied Ordinola's petition. We affirm.

We review ineffective assistance of counsel claims de novo. *Mancuso v. Olivarez*, 292 F.3d 939, 949 (9th Cir.2002). Ordinola must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 687–690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* applies to claims of ineffective assistance during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Because conflicting evidence was presented below, resolution of Ordinola's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**760**

claim depends upon a credibility determination. We review the district court's findings of fact for clear error. *Anderson v. Calderon*, 232 F.3d 1053, 1084 (9th Cir. 2000).

The district court found that (1) counsel fully advised Ordinola of the consequences of rejecting the plea and going to trial; (2) while there were only plea discussions and never a firm plea offer from the government, Ordinola did not want to accept what he understood to be a plea offer of 36 months; and (3) counsel recalled Ordinola unequivocally stating he wanted to go to trial. There is nothing in the record or in the briefs showing these factual findings to be clearly erroneous.

Based on this factual foundation, Ordinola cannot meet the first prong of the *Strickland* test.

AFFIRMED.